# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

        v.                                    CRIMINAL ACTION NO. 1:10CR83

**PETER SANDER,**
              **Defendant.**

## ORDER/OPINION CONCERNING
## PLEA OF GUILTY IN MISDEMEANOR CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Peter Sander, appeared before me in person and by counsel, Harry A. Smith III, on November 30, 2010. The Government appeared by Robert H. McWilliams, Jr., its Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by placing Defendant under oath, and thereafter inquiring what Defendant's anticipated plea would be. The Court was advised that Defendant would enter a plea of "Guilty" to a one-count misdemeanor Information. The Court determined that Defendant's plea was pursuant to a written plea agreement. The Court asked the Government to tender the original written plea agreement to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. During his summarization, the AUSA advised the Court that paragraph 4E had been stricken in its entirety, and that the parties had agreed to and initialed the amendment. Paragraph 9 was amended to reflect that Defendant had paid the entire loss, but still owed penalties and interest. Paragraph 13 was amended to add additional agreements announced to the Court on the record at the conclusion of the AUSA's summarization. Defendant stated that the Government's summary of the Plea Agreement as amended and announced on the record was correct. Defendant thereafter stated in open court he understood and agreed with the terms of the written Plea Agreement, as summarized by the Assistant United States Attorney and amended

and supplemented during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written Plea Agreement plus the additional recommendations and amendments announced on the record at the hearing. The Court **ORDERED** the amended written Plea Agreement filed.

The Court continued with the proceeding by inquiring of Defendant as to his understanding of his right to have an Article III Judge hear and accept his plea, and his willingness to waive that right, and instead have a Magistrate Judge hear and accept his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea, and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Peter Sander, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent filed.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the

voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed by Indictment. The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with failure to file a personal income tax return for the 2007 tax year, in violation of Title 26, United States Code, Section 7203. After which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and **ORDERED** the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the amended written plea bargain agreement dated August 26, 2010, and signed by him on August 30, 2010, and determined the entry into said plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his waiver of his appellate rights as contained in the written plea agreement as follows:

Ct: Did you and Mr. Smith discuss that you have a right to appeal any conviction and sentence to the Fourth Circuit Court of Appeals within a short time of the Court's pronouncement of your sentence? That's your direct appeal rights to the Fourth Circuit Court of Appeals. Go ahead and discuss that further with Mr. Smith.

[pause]

Def: Yes, your Honor.

Ct:    Did you and Mr. Smith discuss that you may use 28 USC section 2255 or a motion filed under that section to collaterally attack or challenge any sentence and how that sentence was imposed against you?

Def:   Yes, sir.

Ct:    It's commonly called habeas. Did you understand what that was?

Def:   I understand, your Honor.

Ct:    Did you understand that under your plea agreement, if the District Judge in sentencing you sentenced you to not more than the maximum called for by the sentence of conviction – that would be not more than a year, not more than the $100,000 fine or both fine and imprisonment, and not more than a year of supervised release, you completely give up your right to directly appeal that sentence, and you completely give up your right to collaterally attack or challenge that sentence using habeas. Do you understand you give up those rights?

Def:   Yes, your Honor.

Ct:    And is that what you intended to do?

Def:   Yes, your Honor.

Based upon which the Court determined that Defendant understood his appellate rights and voluntarily gave them up pursuant to the written Plea Agreement.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the charges contained in the Information, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the

4

probation officer attending the District Court, and only after having the opportunity to review the pre-sentence investigation report, would Defendant be adjudged guilty of the misdemeanor offenses contained in the Information and a determination made as to whether to accept or reject any recommendation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations contained in the written agreement.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The Court reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined that Defendant understood the nature of the charge pending against him and understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty was imprisonment for a term of not more than one (1) year; a fine of not more than $100,000.00, or both fine and imprisonment; and a special mandatory assessment of $25.00. Defendant further understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and

the costs of supervised release; and understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11. Thereupon, Defendant, Peter Sander, with the consent of his counsel, Harry A. Smith, proceeded to enter a verbal plea of **GUILTY** to the charge contained in the one-count Information.

The undersigned then heard the testimony of Government witness IRS Special Agent Mladen Bralj, who testified he was familiar with the investigation of Defendant's case. Defendant owned and operated Park's Machine and Equipment starting in about 1997, selling tractor/farm equipment. In 2005, the IRS filed Substitute for Returns for Defendant for the years 2000, 2001, 2002, 2003, and 2004. These Substitutes are in the nature of bills from the IRS for taxes it believes are due based on information received from third parties, such as 1099's, etc. Defendant did pay those bills. The IRS at the time was involved in a civil investigation, but that became a criminal investigation in 2006. At that point the civil investigation stopped and the IRS stopped filing Substitutes for Returns.

SA Bralj testified that on April 15, 2008, Defendant's 2007 tax return was due; however, he did not file a return and did not seek an extension of time to file. There was evidence that Defendant had income and the ability to pay taxes during the years he had not filed. For example, he purchased property in Cancun worth $150,000 in 2004; he purchased an Audi for $52,000 unfinanced; he made unfinanced improvements to his business worth over $250,000 in 2006 and 2007; and purchased a yacht in 2007 for $250,000. The tax amount for 2007 was determined to be $34,345.

Upon cross examination, SA Bralj testified that tax returns were filed for Defendant by an accounting firm for 2005, 2006, and 2007, and for 2000 and 2001 by another accounting firm. The

IRS also sent bills to Defendant, and Defendant paid those bills. In May 2008, Defendant met with Special Agents of the IRS and provided information to the agents. He filed a return in September 2009. Further, the total tax loss was paid by Defendant prior to today's hearing.

Upon inquiry by the Court, SA Bralj testified that by virtue of the IRS filing Substitute for Returns and billing Defendant, Defendant was aware he had an obligation to file for 2007.

The defendant stated he had heard, understood, and agreed with SA Bralj's testimony.

From the testimony of SA Bralj, the undersigned Magistrate Judge concludes the offense charged in the one-count Information is supported by an independent basis in fact concerning each of the essential elements of such offense.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea, and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea of guilty; and Defendant's plea is independently supported by the testimony of Special Agent Bralj, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the charge contained in the one-count Information and recommends he be adjudged Guilty of said charges as contained in the one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult

probation officer assigned to this case.

Defendant is ordered released pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: November 30, 2010

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE